UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    RASHAAN A. GILBERT                            08-12922 B

              Debtor                  <u>DECISION & ORDER</u>
------------------------------------------------------

                  Thomas J. Gaffney, Esq.
                  80 West Huron Street
                  Buffalo, New York 14202
                  Chapter 7 Trustee

                  Perla & Perla
                  Mary Chan, Esq., of counsel
                  367 Linwood Avenue
                  Buffalo, New York 14209
                  Attorneys for the Debtor

Bucki, Chief U.S.B.J., W.D.N.Y.

      The issue in this case is whether the presentation of payment advices to a trustee will operate to estop that trustee from moving under 11 U.S.C. §521(i)(2) for an order dismissing a bankruptcy case for a debtor's failure to file those same payment advices with the clerk of this court.

      Section 521 of the Bankruptcy Code specifies the various duties of a debtor in bankruptcy. Pursuant to subdivision (a)(1)(B)(iv) of this section, a debtor must file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Penalties result if the debtor fails to file these copies as required. Subject to certain exceptions not here relevant, section 521(i)(1) provides that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the

filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

Rashaan Gilbert filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 3, 2008. In schedules submitted with that petition, the debtor acknowledged that he was then currently employed. Despite this fact, the debtor did not immediately file any payment advises. Pursuant to 11 U.S.C. §341, the case trustee then conducted a first meeting of creditors on August 12, 2008. During the course of that meeting, the debtor gave to the trustee copies of all pay stubs that he had received during the sixty days prior to commencement of his bankruptcy. After reviewing those documents, the trustee returned the payment advises to the debtor and closed the meeting.

On August 29, 2008, the case trustee filed the present motion seeking an order dismissing the debtor's bankruptcy case. He contends, simply, that no payment advises were ever filed with the bankruptcy clerk during the 45 days immediately following the commencement of this case, and that therefore this case has been automatically dismissed. Then, on September 5, 2008, the debtor finally filed the payment advises. On September 15, at the hearing on the trustee's motion to dismiss, the debtor's counsel asserted that the trustee had received the payment advises during the first meeting of creditors, so that their late filing became an innocent and harmless mistake that the court should now excuse.

This court has carefully followed the directive that Congress imposed when it adopted the dismissal penalty of section 521(i)(1). For example, in *In re Catania*, 397 B.R. 667 (Bankr. W.D.N.Y. 2008), the case was dismissed due to the debtor's failure to file several of the required payment advises, even though the facts indicated an intent to effect a complete submission. Nonetheless, in particular instances, the court must also accommodate competing legal requirements.

Holding that dismissal will follow only upon motion made on notice and in compliance with Bankruptcy Rule 9013, we refused to grant a dismissal when requested by a creditor in a letter reporting a failure to file payment advices. *In re Wojda*, 371 B.R. 656, 659 (Bankr. W.D.N.Y. 2007). Principles of claim and issue preclusion have prevented dismissal for failure to file payment advices, when the motion to dismiss was made only after confirmation of a plan in Chapter 13. *In re Ober*, 390 B.R. 60 (Bankr. W.D.N.Y. 2008).

In the present instance, the trustee has duly served upon the debtor a motion seeking dismissal of the case. As a party in interest, the trustee has standing to seek this result. Further, he filed his motion shortly after the 45th day following commencement of the bankruptcy proceeding, before this court had issued any rulings that might have precluded dismissal. The trustee, therefore, has presented a well-stated motion that this court might have granted if only the debtor had not raised what is essentially an argument of equitable estoppel.

The doctrine of equitable estoppel "is imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought." *Nassau Trust Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 184 (1982). *Accord In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2nd Cir. 1996); *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 301 (2nd Cir. 1996). In the present instance, the debtor's counsel represents that at the first meeting of creditors, the debtor gave to the trustee copies of all of the required payment advices. The trustee enjoyed a full opportunity to review those payment advices at that time. Even now, the trustee makes no suggestion that the information in the tardily filed statements would impact the sound administration of this case. By closing the first meeting

and returning the payment advices without comment, the trustee provided adequate justification for debtor's counsel to believe that no further issue existed with regard to the payment advices. For these reasons, the trustee is appropriately estopped from now moving for dismissal of this case due to a failure to complete the timely filing of those same documents.

Estoppel cannot be raised against a governmental unit to prevent the discharge of a statutory duty. 28 AM. JUR. 2D *Etoppel* §138 (2000). A case trustee, however, serves as an independent fiduciary, and not as an instrumentality of any governmental unit. But even if the case trustee were deemed to fulfill some governmental function, his actions in the present instance do not represent the fulfilment of any statutory duty. Although the trustee enjoys standing to seek an order of dismissal under section 521(i)(2), the Bankruptcy Code imposes no duty upon a trustee to enforce any timetable for submission of payment advices. Indeed, in stating the duties of a trustee, section 704 of the Bankruptcy Code obliges a trustee to ensure that debtors perform the duties stated in 11 U.S.C. §521(a)(2)(B),[1] but imposes no similar mandate to enforce the duties referenced in 11 U.S.C. §521(a)(1). Included among the duties of section 521(a)(1) is the obligation to file payment advices. Seeking an order of dismissal for the debtor's failure to satisfy a duty imposed by section 521(a)(1), the present motion represents an act of discretion by the trustee. With respect to the exercise of this option, the debtor may assert common law rights of estoppel.

If the trustee had warned that delivery of payment advices could not substitute for their actual filing with the bankruptcy clerk, then perhaps estoppel would not apply with respect to the trustee's present motion. Pursuant to our

---

[1] The actual text of 11 U.S.C. §704(a)(3) mandates that the trustee ensure the debtor's performance under "section 521(2)(B)." In 2005, Congress amended section 521, so that the prior text of subdivision (2)(B) was changed to become subdivision (a)(2)(B). Unfortunately, the drafters overlooked the need to incorporate this renumbering into the text of section 704. The origin of the reference leaves no doubt that it applies to the current text of section 521(a)(2)(B), a provision that requires the debtor to perform his stated intentions with respect to the retention or surrender of secured property.

holding in *In re Wojda*, *supra*, a dismissal order will follow only upon a properly served and sustainable motion for that result. In the absence of such a motion by an interested party not now estopped, the administration of this case should proceed to discharge.

    For the reasons stated herein, this court must deny the trustee's motion to dismiss this case pursuant to 11 U.S.C. §521(i).

    So ordered.

Dated:    Buffalo, New York        /s/ CARL L. BUCKI
           April 10, 2009             Chief U.S.B.J., W.D.N.Y.